UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARZEN MEDIA LLC, | Case No.: 2:24-cv-01883-APG-EJY |
| Plaintiff | **Order for Supplemental Briefing** |
| v. | |
| FL NEWSLETTER LLC, | |
| Defendant | |

Defendant FL Newsletter LLC filed a special motion to dismiss plaintiff Marzen Media LLC's deceptive trade practices claim under Nevada's anti-SLAPP statute. ECF No. 21. Marzen amended its complaint to drop the deceptive trade practices claim and responded to the anti-SLAPP motion by arguing the motion was moot due to the amendment. ECF Nos. 29; 31. Marzen relied in part on one of my cases, *Diamond Resorts U.S. Collection Development, LLC, et al., v. Reed Hein & Assoc., LLC, et al. See* ECF No. 31 at 2.

In *Diamond Resorts*, I denied an anti-SLAPP motion as moot after the plaintiff filed an amended complaint because the motion was directed at a prior version of the complaint. Case No. 2:17-cv-03007-APG-VCF, ECF No. 160 (D. Nev. March 2, 2020). The Supreme Court of Nevada has since indicated that filing an amended complaint while an anti-SLAPP special motion to dismiss is pending is not grounds to deny the anti-SLAPP motion as moot. *Vannah v. L. Off. of Daniel S. Simon*, No. 82058, 506 P.3d 1073, 2022 WL 986138, at *1 (Nev. 2022). Instead, if the anti-SLAPP motion was filed before the amended complaint, a "court should conduct its anti-SLAPP analysis based on [the] original complaint." *Id.* [1]

---

[1] In another unpublished case, the Supreme Court of Nevada has held that voluntarily dismissing the complaint in its entirety divests a Nevada state court of jurisdiction to award fees and costs under Nevada's anti-SLAPP statute because a voluntary dismissal closes the case and a court can

The parties have not addressed *Vannah*. Marzen took the position in its response brief that the anti-SLAPP motion was moot, so it did not address the motion on the merits. In its reply, FL argued that its motion was not moot, although it did not cite to *Vannah*. I grant Marzen leave to address *Vannah*, substantively oppose the anti-SLAPP motion, and explain why fees should not be granted to FL.

I THEREFORE ORDER that plaintiff Marzen Media LLC may file a supplemental opposition to defendant FL Newsletter LLC's motion to dismiss (ECF No. 21) by March 26, 2025.

I FURTHER ORDER that defendant FL Newsletter LLC may file a reply by April 2, 2025.

DATED this 12th day of March, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

award fees only if it "grants" the anti-SLAPP motion. *See Padda v. Hendrick*, No. 78534, 461 P.3d 160, 2020 WL 1903191, at *1-2 (Nev. 2020) (quoting Nev. Rev. Stat. § 41.670(1)).